UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE (K.B.),<br><br>        Plaintiff,<br><br>    v.<br><br>BACKPAGE.COM, LLC, et al.,<br><br>        Defendants. | Case No. 23-cv-02387-RFL<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 84 |

      Plaintiff Jane Doe alleges that she was a victim of horrific sex trafficking crimes on Instagram, a social media platform owned by Meta, in which she was repeatedly sold for unlawful sex acts over the course of a year. Her trafficker was convicted in a criminal trial and sentenced to 40 years in prison. Doe brings suit against Meta pursuant to the federal civil sex trafficking statute, 18 U.S.C. § 1595, alleging that Meta facilitated and financially benefited from her sex trafficking. For the reasons explained below, Ninth Circuit precedent interpreting Section 230 of the Communications Decency Act, 47 U.S.C. § 230, forecloses Doe's claim as currently pled, because she seeks to hold Meta liable for content created by her trafficker. Meta's motion for judgment on the pleadings is **GRANTED WITH LEAVE TO AMEND**. This order assumes the reader's familiarity with the factual allegations, the relevant law, and the parties' arguments.

      Section 230 "precludes liability for '(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider.'" *Doe v. Internet*

*Brands, Inc.*, 824 F.3d 846, 850 (9th Cir. 2016) (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100–01 (9th Cir. 2009)).  In other words, Section 230 generally "protects websites from liability for material posted on the website by someone else."  *Id.*

This case turns on whether Doe's claim "inherently require[s] the court to treat the defendant as the 'publisher or speaker' of content provided by another," which would preclude liability under Section 230.  *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1098 (9th Cir. 2019) (citation omitted).  Arguing that it does not, Doe asserts two theories of liability:  that Meta operates Instagram as a "breeding ground" for sex trafficking, and that Meta creates connections between traffickers and their victims through the use of algorithms.  Both theories of liability, however, are precluded by Ninth Circuit precedent.

First, Doe's breeding ground theory essentially seeks to hold Meta liable for failing to remove traffickers' grooming messages and posts advertising their victims for sex.  (*See* Second Am. Compl. ¶¶ 113, 119, 141–42.)  But there are no allegations that Meta, rather than third parties, created and developed such content.  *See Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1093 (9th Cir. 2021) (Section 230 immunity applies "when a plaintiff's claim faults the defendant for information provided by third parties").  Moreover, Meta's alleged failure to remove the offending content "involves reviewing . . . and deciding whether to publish or to withdraw from publication third-party content," which "necessarily involves treating the liable party as a publisher of the content it failed to remove."  *Barnes*, 570 F.3d at 1102–03 (holding that the "removal of the indecent profiles that [plaintiff's] former boyfriend posted on Yahoo's website . . . is something publishers do"); *see also Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir. 2008) (en banc) ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230."); *Dyroff*, 934 F.3d at 1095–96 (affirming dismissal on Section 230 immunity grounds where plaintiff alleged that the website "allowed users to traffic anonymously in illegal, deadly narcotics and to create groups dedicated to their sale and use" and "permitted users to remain active accountholders despite evidence that they openly engaged in

drug trafficking").

Second, Doe's connection theory is also foreclosed by Ninth Circuit precedent. In *Dyroff*, a social networking website was immunized from suit by Section 230 after a user died from heroin purchased through a connection made on the website. 934 F.3d at 1094–95. To avoid Section 230 immunity, the plaintiff there argued that the website did not simply "publish[] information created or developed by third parties." *Id.* at 1098. The website instead created and developed content, the argument went, by using "features and functions, including algorithms, to analyze user posts . . . and recommend other user groups," which "include[d] the heroin-related discussion group to which [the user] posted and (through its emails and push notifications) to the drug dealer who sold him the fentanyl-laced heroin." *Id.* Rejecting that argument, the Ninth Circuit held that "[t]hese functions—recommendations and notifications—are tools meant to facilitate the communication and content of others," and "not content in and of themselves" created by the website. *Id.*

Similarly, here, Doe claims that Meta's algorithms facilitated her sex trafficking by "[c]reating, suggesting, and encouraging connections between sex traffickers and vulnerable persons on Instagram" and "[r]ecommending that vulnerable persons become Instagram 'friends' with sex traffickers." (SAC ¶ 141; *see also* SAC ¶¶ 3, 106–07, 109; Opp. at 5, 10–11.) Although Doe does not argue that Meta's algorithms are themselves Meta's content, as the plaintiff in *Dyroff* did, Doe advances a variant of what is essentially the same argument. She argues that Section 230 does not apply because her claims are based on Meta connecting her to a certain person, not directing her to certain content. But Doe "cannot plead around Section 230 immunity by framing" her claim as one involving Meta's connection algorithms rather than the user-generated content that those algorithms facilitate. *Dyroff*, 934 F.3d at 1098. Here, the two are intertwined. Doe's entire claim is based on the content of the subsequent interaction: that, as a result of the connection, Doe's trafficker was able to message her and post on her Instagram page, which in turn allowed him to groom Doe and eventually force her into sex trafficking. (*See* SAC ¶¶ 110–11, 114–18, 141.) That is directly analogous to *Dyroff*, where Section 230

3

precluded liability for a website that allegedly used algorithms to "steer[] users to" and recommend groups "dedicated to the sale and use of narcotics." *Id.* at 1095, 1098. There, the Ninth Circuit applied Section 230 immunity because the gravamen of the complaint was that the website had "helped facilitate th[e] user-to-user communication" whose content involved drug trafficking. *Id.* at 1099. Ultimately, just as the website in *Dyroff* "did not create or develop the posts that led to [the user's] death" and thus could not be held liable for that drug trafficking content, Meta did not generate the messages and posts by Doe's trafficker, and cannot be held liable for his sex trafficking content. *Id.* at 1098.

"When a plaintiff cannot allege enough facts to overcome Section 230 immunity, a plaintiff's claims should be dismissed." *Id.* at 1097. Although the Allow States and Victims to Fight Online Sex Trafficking Act provides an exception to Section 230 immunity for certain sex trafficking claims, *see Does 1–6 v. Reddit, Inc.*, 51 F.4th 1137, 1140–41 (9th Cir. 2022), Doe does not argue that the operative complaint adequately alleges a basis to apply that exception here. (*See* Opp. at 11 n.3.)

At oral argument, in response to the Court's question about whether Doe can cure those deficiencies, Doe's counsel requested leave to amend to add new claims, including for negligent design and failure to warn, that he argued would not be barred by Section 230. Because Doe has not previously had an opportunity to test the legal adequacy of these claims, and because the Court cannot conclude that amendment would be futile on this record, Doe's request is granted. Nor would such leave to amend unduly prejudice Meta, considering that discovery has not commenced.

Accordingly, Meta's motion for judgment on the pleadings is **GRANTED WITH LEAVE TO AMEND**. Doe shall file a third amended complaint by **April 19, 2024**. If no third amended complaint is filed by that date, judgment will be entered on behalf of Meta, and the case will be closed.

    **IT IS SO ORDERED.**

Dated: March 20, 2024

    RITA F. LIN
    United States District Judge